UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Umer Malik,<br><br>           Plaintiff,<br><br>    v.<br><br>James Powell,<br><br>           Defendant. | No. 2:20-cv-02542-KJM-JDP<br><br>ORDER |

Defendant James Powell, who appears pro se, removed this unlawful detainer action from Sacramento County Superior Court. *See* Not. Removal, ECF No. 1. Mr. Powell has also moved to proceed in forma pauperis. *See* Mot., ECF No. 2. The court has reviewed the complaint and notice of removal and has determined on its own motion that it lacks subject matter jurisdiction. This action is thus **remanded** to the state court.

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332.

First, under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the

1

1  plaintiff's statement of his own cause of action shows that it is based upon [federal law]."
2  *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  Federal question jurisdiction
3  cannot rest upon an actual or anticipated defense or counterclaim.  *Vaden v. Discover Bank*, 556
4  U.S. 49, 60 (2009).

5  Second, under § 1332, district courts have diversity-of-citizenship jurisdiction where the
6  amount in controversy exceeds $75,000 and the parties are completely diverse.  28 U.S.C. § 1332.
7  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the
8  removing party must prove, by a preponderance of the evidence, that the amount in controversy
9  meets the jurisdictional threshold."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089,
10 1090 (9th Cir. 2003) (per curiam).

11 Here, plaintiff Umer Malik alleges Mr. Powell is living unlawfully in a residential
12 property Mr. Malik owns.  *See* Compl. ¶ 5, ECF No. 1.  He asserts one state law claim for
13 unlawful detainer and no federal claims.  *See generally id.*  The parties are not diverse, and no
14 allegations in the complaint suggest the amount in controversy is greater than $75,000.  *See id.*
15 ¶ 9 (requesting rent of about $85 per day, restitution and possession of the property, costs of suit,
16 and other appropriate relief).  The court therefore lacks subject matter jurisdiction.

17 Mr. Powell argues incorrectly in his notice of removal that Mr. Malik has asserted a
18 federal claim because the complaint's cover sheet asserts that Mr. Powell has not provided a
19 sworn statement under eviction relief regulations from the U.S. Centers for Disease Control.  *See*
20 Not. Removal at 3–4.  That declaration, however, is the foundation of a defense against eviction
21 that Mr. Powell may raise, and not an affirmative claim.  *See* 85 C.F.R. § 55292–93 (describing
22 what declaration is required to invoke the protection of a temporary halt in evictions by the U.S.
23 Department of Health and Human Services).  A defendant cannot create a federal question by
24 asserting a defense based on federal law.  *See Vaden*, 556 U.S. at 60.

25 A federal district court may remand a case on its own motion where a defendant has not
26 established federal jurisdiction.  *See* 28 U.S.C. § 1447(c); *Enrich v. Touche Ross & Co.*, 846 F.2d
27 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).
28 This action is thus **remanded** to the Sacramento County Superior Court.

1     Mr. Powell's motion to proceed in forma pauperis status is **denied as moot**.

2     The Clerk's Office is directed to **close this case**.

3     IT IS SO ORDERED.

4   DATED: January 20, 2021.

                            CHIEF UNITED STATES DISTRICT JUDGE